**UNTIED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**

ALEXIS PERETTO,

case no.

Plaintiff,

-vs-

UNITED STATES OF AMERICA,

Defendant.

/

MANCINI SCHREUDER KLINE P.C.
ELLEN G. SCHREUDER (P 29146)
Attorneys for Plaintiff
28225 Mound Road
Warren, Michigan 48092
(586) 751-3900/(586) 751-7203
lsloan@mancini-law.com

/

## COMPLAINT

NOW COMES the Plaintiff, ALEXIS PERETTO, by and through her attorneys, Mancini Schreuder, Kline P.C., and for her Complaint against the Defendant UNITED STATES OF AMERICA, states as follows:

## INTRODUCTION

1. This is an action against the United States pursuant to the Federal Tort Claims Act ("FTCA") arising from the Plaintiff's vehicle being struck from behind by Daniel Noah Zimmerman while he was on funeral detail for the United States Air Force.

## JURISDICTION AND VENUE

2. This Honorable Court has jurisdiction over this claim against the United States of America pursuant to 28 U.S.C. §1346(b)(1).

3. The negligent or wrongful act or omission giving rise to this claim occurred in the Eastern District of Michigan. Plaintiff, ALEXIS PERETTO, is a resident of the Eastern District of Michigan. Thus, venue is proper under 28 U.S.C. §1402(b).

**PARTIES AND CONDITION PRECEDENT**

4. Plaintiff, ALEXIS PERETTO, currently resides in Wayne County, Michigan and is a resident of the Eastern District of Michigan.

5. The claims herein are brought against Defendant UNITED STATES OF AMERICA pursuant to the Federal Tort Claims Act 28 U.S.C. §1346(b)(1) for money damages as compensation for personal injuries that were caused by the negligent or wrongful act or omission of employees of the United States Government while acting within the scope of their offices or employment, under circumstances where the Defendant, if a private person, would be liable to the Plaintiff in accordance with the laws of the State of Michigan.

6. "A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless the action is begun within six months after the date of mailing, by certified and registered mail, of notice of final denial of the claim by the agency to which it was presented." 28 U.S.C. §2401(b).

7. "For purposes of the provisions of 28 U.S.C. §2401(b)...a claim shall be deemed to have been presented when a Federal agency receives from a claimant, his duly authorized agent or legal representative, an executed Standard Form 95..." 28 C.F.R. §14.2(a).

8. On November 18, 2025, Plaintiff, ALEXIS PERETTO, mailed her completed and executed Standard Form 95 to:

The Claims and Tort Litigation Division
1500 West Perimeter Road, Suite 1700
Joint Base Andrews, MD 20762

in accordance with 32 C.F.R. §842.79.

9. On December 8, 2025, Plaintiff, ALEXIS PERETTO, received a letter from the Air Force Claims and Tort Litigation Division noting that Plaintiff's Standard Form 95 could not be acknowledged as received due to some deficiencies regarding sum certain.

10. On January 7, 2026, Plaintiff, ALEXIS PERETTO, mailed and emailed a corrected completed and executed Standard Form 95 to the same address at Joint Base Andrews in accordance with 32 C.F.R. §842.79 (Exhibit A, without vehicle, police, and medical records).

11. On January 8, 2026, Plaintiff, ALEXIS PERETTO, received a letter, via email, acknowledging receipt of her claim at Air Force Claims and Tort Litigation Division on January 7, 2026 (Ex B).

12. "An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death...unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail." 28 U.S.C. §2675(a).

13. "The failure of an agency to make a final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section." 28 U.S.C. §2675(a).

14. Plaintiff, ALEXIS PERETTO, has not received a final disposition of her claim within six months after it was received on January 7, 2026 and acknowledged as such on January 8, 2026 by the Air Force Claims and Tort Litigation Division at Joint Base Andrews, MD.

## FACTS

15. On January 18, 2024, Plaintiff, ALEXIS PERETTO, was driving a 2021 Ford

Ranger on the I-94 exit ramp, at or about the intersection of Middlebelt, in the City of Romulus, County of Wayne, State of Michigan.

16. At the said time and place, Air Force member, Daniel Noah Zimmerman was operating a 2023 Toyota Corolla while on Air Force funeral detail. Mr. Zimmerman struck Plaintiff's vehicle from behind.

**CLAIM UNDER FEDERAL TORT CLAIM ACT**

17. Under 28 U.S.C. §1346(b)(1), the applicable law is the place where the act or omission occurred.

18. "[E]very person who engages in the performance of an undertaking has an obligation to use due care or to act so as not to unreasonably endanger the person or property of another." *Schenk v Mercury Marine Division*, 155 Mich App 20, 25 (1987) citing *Clark v Dalman*, 379 Mich 251, 261 (1967).

19. Defendant's member, Daniel Noah Zimmerman, owed a duty to the Plaintiff, and all others using the streets and highway, to operate his vehicle in a safe, careful and prudent manner, and in accordance with the ordinances of the municipalities, statutes of the State of Michigan, and the common law.

20. Notwithstanding said duties, Defendant's member Zimmerman violated and breached the aforesaid duties and was negligent by the following acts or omissions:

a. driving upon a highway in a careless and/or negligent manner likely to endanger person or property;

b. driving carelessly and/or recklessly at a speed greater than would permit him to stop within the assured clear distance ahead, without due regard for weather conditions, road conditions, and any and all other conditions then and there existing;

c. driving a vehicle without removing the snow from the vehicle and it's windshield;

d. driving into Plaintiff's lane of travel and right of way;

e. failing to make proper observation as to traffic while driving a motor vehicle;

f. failing to use due care and caution in driving this motor vehicle;

g. driving while distracted;

h. operating his vehicle while impaired due to the consumption of intoxicants and/or controlled substances;

i. driving this vehicle in willful or wanton disregard for the safety of others;

j. operating this vehicle at night without the use of necessary headlights;

k. operating a motor vehicle without adequate and proper equipment including brakes, headlights, taillights, and/or horn; and/or

l. otherwise breaching duties owed.

21. As a direct and proximate result of the aforesaid negligence and breach of duties, Plaintiff, ALEXIS PERETTO, suffered serious bodily injuries, including but not limited to:

a. serious injuries to her head, neck, right shoulder, ribs, middle and lower back, and related and resultant injuries;

b. physical pain and suffering;

c. disability and disfigurement;

d. mental anguish;

e. fright and shock;

f. denial of social pleasures and enjoyment of the usual activities of life;

g. embarrassment, humiliation, and mortification;

h. loss of earnings and earning capacity; and/or

i. other damages allowed by law.

22. The acts and events set forth above constitute negligent or wrongful acts and/or omissions of employees of the U.S. Government while acting within the scope of their offices and employment, under circumstances where the Defendant U.S., if a private person, would be liable to the Plaintiff in accordance with the laws of the State of Michigan.

**PRAYER FOR RELIEF**

23. WHEREFORE, Plaintiff requests an award of damages for personal injury in the amount of Five-Hundred Thousand ($500,000.00) Dollars to which she may be found entitled along with such other relief as this Honorable Court deems just and proper .

Respectfully Submitted,

MANCINI SCHREUDER KLINE P.C.

by: /s/Ellen G. Schreuder

ELLEN G. SCHREUDER (P 29146)
Attorneys for Plaintiff
28225 Mound Road
Warren, Michigan 48092
(586) 751-3900

dated October 2, 2026